# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EBONI WILLIAMS, DEBBIE SHOEMAKER, PAULA MAYS, TINA KOVELESKY, and SHADRIN HERRING, as representatives of a class of similarly situated persons, and on behalf of the A360, Inc. Profit Sharing Plan, formerly known as the A360, Inc. Employee Stock Ownership Plan,<br><br>    Plaintiffs,<br><br> v.<br><br>GERALD SHAPIRO, SCOTT BRINKLEY, ARGENT TRUST COMPANY, A360 HOLDINGS LLC, and John and Jane Does 1-10,<br><br>    Defendants. | Case No. 1:23-cv-03236-VMC |

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO STAY PURSUANT TO SECTIONS 3 AND 4 OF THE FEDERAL ARBITRATION ACT

In their Opposition brief ("Opp.") [ECF No. 81], Plaintiffs argue that they should not be required to arbitrate their claims pursuant to the arbitration provision set forth in the A360, Inc. Employee Stock Ownership Plan (the "Plan") for two reasons: (a) the Plan's arbitration provision is invalid because it contains a class action waiver that allegedly precludes Plaintiffs from seeking recovery on behalf of all Plan participants' individual Plan accounts; and (b) the adoption of the Plan's arbitration provision was allegedly invalid and, as such, it is not enforceable against Plaintiffs. For the reasons discussed below, Plaintiffs' arguments are without merit and the Motion should be granted.

**A.    The Arbitration Procedure's Class Action Waiver Does Not Eliminate Plaintiffs' Statutory Rights Under ERISA.**

Plaintiffs argue that the Plan's arbitration provision is invalid because the class action waiver prevents them from obtaining relief on behalf of absent Plan participants and their Plan accounts and thereby precludes "effective vindication" of purportedly nonwaivable statutory rights under the Employee Retirement Income Security Act of 1974 ("ERISA"). Opp. at 4-7. Plaintiffs are wrong.

As a preliminary matter, it is important to note that the Federal Arbitration Act ("FAA") requires courts to "'rigorously enforce' arbitration agreements according to their terms." *Am. Exp. Co. v. Italian Colors Rest.,* 570 U.S. 228, 233 (2013). This is true even where an arbitration agreement includes a class action waiver. *See Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1619 (2018). Indeed, the

Supreme Court has repeatedly held that class action waivers in arbitration provisions are valid and enforceable because "[i]n the [FAA], Congress has instructed federal courts to enforce arbitration agreements according to their terms—including terms providing for individualized proceedings." *Id.*

In asserting that ERISA provides certain substantive rights that individualized arbitration precludes, Plaintiffs are asking the Court to find that ERISA and the FAA cannot be harmonized. To reach that conclusion, however, Plaintiffs must satisfy a "***heavy burden***" to show a "***clearly expressed congressional intention***" in ERISA to displace the FAA's requirement of enforcing arbitration agreements by their terms. *Id.* at 1624 (emphasis added; citation omitted). Congress's intention "must be 'clear and manifest.'" *Id.* (citation omitted).

As more than one court has held, plaintiffs are unable to satisfy their "heavy burden" of showing a "clearly expressed congressional intention" that ERISA and the FAA cannot be harmonized. *See, e.g.*, Holmes v. Baptist Health S. Fla., Inc., 2022 WL 180638, at *3 (S.D. Fla. Jan. 20, 2022) (holding that arbitration provision requiring a class action waiver is valid and enforceable). This Court should likewise find that Plaintiffs cannot meet their burden of showing a "clearly expressed congressional intention" that the Plan's class action waiver is void. *Epic Sys.*, 138 S. Ct. at 1624.

There is no disharmony between the Plan's class action waiver and ERISA's

3

remedy provisions, and nothing in ERISA evinces an intent to prohibit class action waivers of ERISA claims. Plaintiffs will get the ***same*** individual remedy—whether in arbitration or an individual lawsuit—limited to recovery based on their individual Plan accounts. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 256 (2008). And, contrary to Plaintiffs' attempt at dismissing relevant precedent (Opp. 15-16), *Dorman II* and *Holmes* are directly on point and support enforcing the class action waiver here. *See Dorman v. Charles Schwab Corp.*, 780 F. App'x 510, 514 (9th Cir. 2019) (requiring arbitration of ERISA breach of fiduciary duty claims on an individualized basis is consistent with *LaRue;* plaintiffs ordered to individually arbitrate their ERISA fiduciary duty claims); *Holmes*, 2022 WL 180638, at *3 (same); *see also Robertson v. Argent Tr. Co.,* 2022 WL 2967710, at *11 (D. Ariz. July 27, 2022) (compelling plaintiffs' ERISA § 502(a)(2) claims into individual arbitration); Mot. [ECF No. 78] at 19-25.[1]

Plaintiffs point to decisions by the Third and Tenth Circuits declining to

---

[1] Another court recently joined the line of courts enforcing an ERISA plan provision requiring individual arbitration. *See Merrow v. Horizon Bank*, 2023 WL 7003231, at *7 (E.D. Ky. Oct. 24, 2023). The court rejected the plaintiffs' argument that the arbitration clause containing the class action waiver is "unenforceable because it operates as a 'prospective waiver' of statutory remedies." *Id*. at *6. The court noted that the plaintiffs had "misinterpret[ed] . . . the relevant case law," including the Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022), which states that "[t]he FAA's mandate is to enforce '*arbitration agreements*'" and "[a]n arbitration agreement thus does not alter or abridge substantive rights; it merely changes how those rights will be processed." *Id*. at *6 (quoting *Viking River*, 142 S. Ct. at 1919) (alterations in original).

enforce a plan's class action waiver because the courts believed the language in ERISA §§ 502(a)(2) and 409 provides participants a ***substantive*** right that cannot be waived (as opposed to a ***procedural*** right that can be waived) to seek relief on behalf of a plan's absent participants and their plan accounts. Opp. at 5-6 (citing *Harrison v. Envision Mgmt. Holding, Inc. Bd. of Dir.*, 59 F.4th 1090 (10th Cir. 2023), *cert. denied*, 2023 WL 6558426 (U.S. Oct. 10, 2023); *Henry v. Wilmington Tr. NA*, 72 F.4th 499 (3d Cir. 2023), *cert. denied*, 2023 WL 6797729 (U.S. Oct. 16, 2023)). The reasoning in these cases (and district court cases applying the same reasoning) is misguided and fails to address (1) the Supreme Court's decision in *Viking River,* where the Court held that representative claims that seek to join together the claims of individual claimants can be prohibited in the face of a provision that requires individual arbitration; and (2) the significant number of cases finding that plan participants can only pursue relief on behalf of the plan's absent participants or their accounts after first satisfying some procedural requirement, like Rule 23 or Rule 19, which right to represent other participants of course can be waived through an individual arbitration provision. *See, e.g., Wagner v. Stiefel Labs., Inc.*, 2015 WL 4557686, at *13 (N.D. Ga. June 18, 2015); *see also* Mot. at 21-23 (collecting cases).[2]

---

[2] Plaintiffs also rely on two non-ERISA cases to argue that arbitration clauses are invalid to the extent they eliminate statutory remedies. *See* Opp. at 7 (citing *Paladino v. Avnet Comp. Techs., Inc.*, 134 F.3d 1054 (11th Cir. 1998) and *Hudson v. P.I.P. Inc.*, 793 F. App'x 935 (11th Cir. 2019)). These cases involved arbitration agreements that barred substantive remedies available by statute in individual

5

On the second point, *Wagner* is instructive. In that case, the plaintiffs were former members of a putative class action filed against Stiefel Laboratories, Inc. ("SLI") and fiduciaries of SLI's ERISA-governed Employee Stock Bonus Plan ("ESBP"). *Bacon v. Stiefel Labs., Inc.*, 275 F.R.D. 681 (S.D. Fla. 2011). The *Bacon* court denied plaintiffs' motion for class certification. *Id.* at 699. Subsequently, several *Bacon* putative class members filed individual lawsuits around the country against SLI and the former ESBP fiduciaries predicated on substantially the same allegations. *Wagner* was one such case. In *Wagner*, plaintiffs brought several ERISA claims, including § 502(a)(2) claims on "behalf of the Plan." 2015 WL 4557686, at *11. The court held that the plaintiff "may proceed under section 502(a)(2) with regard to his *individual* Plan account" but did not have standing to sue on behalf of absent Plan participants. *Id.* (emphasis in original). To that end, the court noted:

> Plaintiffs have done nothing to notify or otherwise involve other Plan participants. Particularly in the context of this lawsuit, to permit the action to go forward without any procedural safeguards "would be overly myopic," . . . .

*Id.* at *13 (citation omitted). *Wagner* thus clarifies that the right of a participant to

---

lawsuits. *Paladino*, 134 F.3d at 1060 (arbitration agreement unenforceable because it was "fundamentally at odds with the purposes of Title VII because it completely proscribes an arbitral award of Title VII damages"); *Hudson,* 793 F. App'x at 937 (clause in arbitration provision "providing that each party will pay its own fees and costs is unenforceable, as the FLSA allows fees and costs as part of a plaintiff's award"). The arbitration agreement here, by contrast, does not bar any substantive remedy available to an individual plaintiff under ERISA. The agreement merely waives a procedural right by precluding claim joinder of individual claims.

seek relief on behalf of an entire plan, including absent plan participants and their accounts, is not a substantive right and instead is predicated on satisfying certain procedural requirements, which can be waived. Thus, it necessarily follows that the right to seek plan-wide relief on behalf of absent plan participants and/or their plan accounts is not a substantive right.

Plaintiffs' reliance on the Seventh Circuit's decision in *Smith v. Bd. of Dir. of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021) is likewise misplaced. First, *Smith* held that requiring "individualized arbitration" is ***not*** "inherently incompatible with ERISA," and that ERISA § 502(a)(2) "'authorize[s] recovery for fiduciary breaches that impair the value of plan assets in a participant's *individual* account.'" *Id.* at 622 (alteration and emphasis in original). Plaintiffs summarily dismiss this holding as dicta. Opp. at 16. However, it is not dicta. This holding unequivocally supports the conclusion that the class action waiver here is enforceable because the court recognized that ERISA claims for fiduciary breach may be brought on an ***individualized*** basis. And, on individualized bases, each participant will receive the same remedy in individual arbitration as he or she would receive in an individual federal court action. The class action waiver therefore does not take away any substantive remedies available to participants; it only waives a ***procedural*** right to proceed on a class or collective action basis. *See* Mot. at 16-17.[3]

---

[3] Ultimately, *Smith* incorrectly applied the "effective vindication doctrine" by

Plaintiffs also claim that the arbitration clauses in *Harrison*, *Henry*, and *Smith* are the same as the arbitration clause in this case and thus the holdings in those cases should apply. Opp. at 6, n.2. Plaintiffs selectively quote an excerpt of the arbitration clause in the Plan here stating that a "participant 'may not seek or receive any remedy which has the purpose or effect of providing additional benefits or monetary' relief to anyone other than the plaintiff." *Id*. Plaintiffs however fail to include the key language that distinguishes the arbitration provision in the A360 Plan from the arbitration provisions in those other cases that makes clear that injunctive relief, including plan-wide injunctive relief, is not barred: "Notwithstanding the foregoing, nothing in this provision shall be construed to preclude a Claimant from seeking injunctive relief, including, for example, seeking an injunction to remove or replace a Plan fiduciary even if such injunctive relief has an incidental impact on an individual or entity other than the Claimant." Brinkley Decl. Exs. 4, 5 at § 19.1(b). Because the Plan's class action waiver prohibits a claim for "additional benefits or monetary relief" to any individual other than the Claimant but allows Plan-wide injunctive relief, this Plan's class action waiver does not prevent the Plaintiffs from pursuing any substantive statutory remedies. This is exactly in accord with the

---

concluding that the arbitration provision at issue effected a "prospective waiver" of the plaintiff's right to seek an injunction removing plan fiduciaries. 13 F.4th at 620-23. However, the arbitration provision at issue here explicitly allows for an injunction to remove fiduciaries.

*Harrison*, *Henry*, and *Smith* rulings. *See* Mot. at 24-25.

Finally, Plaintiffs' invocation of the Supreme Court's decision in *Viking River,* Opp. at 13-16*,* is inapposite because Plaintiffs rely on the part of the decision that is irrelevant while ignoring the part that is on point. In *Viking River*, the Supreme Court considered whether an arbitration provision requiring individual arbitration of claims under the California Private Attorneys General Act ("PAGA") was enforceable. The arbitration provision at issue prohibited the plaintiff from bringing in arbitration "any dispute as a class, collective, or representative PAGA action." 142 S. Ct. at 1916. Interpreting PAGA, the Court observed that there were two ways in which a PAGA claim could be considered "representative"—(1) when "the employee plaintiff sues as an 'agent or proxy' of the State," and (2) when the plaintiff's claims "are predicated on code violations sustained by other employees" (which the Court described as a form of "claim joinder" that would "allow a party to unite multiple claims against an opposing party in a single action"). *See id*. at 1914-16.

The Supreme Court held that the arbitration provision—specifically, its prohibition on bringing a "representative" PAGA claim in arbitration—was unenforceable with respect to the first form of PAGA claim, but the provision was enforceable with respect to the second, "claim joinder" form of PAGA claim. *See id.* at 1922-24. A representative claim under ERISA § 502(a)(2) is a form of "claim

9

joinder." That is because each participant has an individual § 502(a)(2) claim with respect to his or her individual account, and one participant seeks to join those claims together in a class or collective action only after satisfying procedural requirements similar to Rule 23 for class actions. *See Coan v. Kaufman*, 457 F.3d 250, 259 (2d Cir. 2006) (ERISA § 502(a)(2) claim **cannot** "be brought in a 'representative capacity on behalf of the plan' if the plaintiff does not take any steps to become a bona fide representative of other interested parties."); *see also* Mot. at 21-23.

Plaintiffs ignore the section of *Viking River* on "claim joinder" and instead latch onto the Court's statement that PAGA is similar to single agent/single principal actions (in which a plaintiff sues in a representative capacity on behalf of another entity)—for instance, "*qui tam* action[s]," or "shareholder derivative suits, wrongful-death actions, trustee actions, and suits on behalf of infants or incompetent persons." *Viking River*, 142 S. Ct. at 1906, 1914, 1922. But the case here is clearly unlike any of the single agent/single principal action examples in *Viking River*. This case is not "essentially a trustee action" as Plaintiffs claim. Opp. at 15. Plaintiffs are not trustees seeking to assert claims on behalf of a trust that they represent. Rather, as individual participants, they are Plan beneficiaries seeking to assert their own claims ***against the trustee*** and others to recover on behalf of many other participants.[4]

---

[4] Nor is the case here like a *qui tam* action or guardian-receiver action because Plaintiffs "have not been legally or contractually appointed to represent the plan." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620-21 (2020). This case is also not a

Thus, because a § 502(a)(2) claim is a form of "claim joinder" rather than a single agent/single principal action, *Viking River* does not call into question but rather confirms that the arbitration provision here is enforceable.

### 1. Plan-Wide Remedies Are Still Available.

Plaintiffs also object that the Plan's arbitration provision "eliminates" certain plan-wide relief under ERISA, such as "restor[ing] all losses . . . and disgorge[ment of] all profits to the Plan," "recission of the purchase agreement and reformation of the plan document." Opp. at 8-13. But, ERISA's enforcement regime renders their concerns unwarranted. Each of these claims can be asserted in individual arbitration—just as each could be pursued individually in court, meaning that Plaintiffs could receive restitution of a proportional share of the Plan's alleged losses (or a proportional share of any ill-gotten profits) or reformation of the Plan document as to them. Furthermore, although Plaintiffs' Complaint makes a passing reference to recission and reformation, Plaintiffs do not plead viable claims for either rendering this alleged concern moot. Mot. at 9-11 (addressing validity of Amendment Three, to which Plaintiffs did not respond); Opp. at 12 (noting that reformation requires fraud). This is also true for other Plan participants and

---

wrongful death action. Finally, Plaintiffs' claims are not like shareholder derivative suits. *Coan*, 457 F.3d at 258 ("Because ERISA plans cannot bring suit against fiduciaries on the plans' own behalf under section 502, the lawsuits of individual participants are not derivative either.").

11

beneficiaries. Regardless of where Plaintiffs or other participants proceeded—in court or in arbitration—their personal recovery would be limited to the alleged impacts on their individual Plan accounts. *See LaRue*, 552 U.S. at 256.[5]

The class action waiver here, which allows for participants to seek individual monetary relief to their Plan accounts and equitable and injunctive relief, is thus distinguishable from waivers in other cases that precluded broader remedies specifically provided by statute.

**B.      Plaintiffs' Participation In The Plan Constitutes Consent To Arbitrate.**

Plaintiffs contend that the arbitration clause is invalid because they did not have notice of it, did not consent to it, and are not bound by it because Amendments Three and Four to the Plan came into effect after each Plaintiff had left their employment with A360. Opp. at 19-24. Plaintiffs are incorrect.

Under ERISA's well-established framework, participation in a plan is all that is needed to effectuate consent to be bound by an ERISA plan provision, including an arbitration provision. *See, e.g., Berkelhammer v. ADP TotalSource Grp., Inc.* 74

---

[5] Moreover, the Department of Labor ("DOL") is able to bring an enforcement action for plan-wide remedies where appropriate. The Supreme Court has specifically enforced individual arbitration provisions regarding other federal statutory claims where an agency remained free to seek collective remedies. *See, e.g., Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 32 (1991) (rejecting argument that arbitration proceedings were incompatible with the ADEA because, in part, "arbitration agreements will not preclude the *EEOC* from bringing actions seeking class-wide and equitable relief").

F.4th 115, 120 (3d Cir. 2023) ("[T]he Plan's agreement to arbitrate is what matters, and that agreement applies to [plaintiffs' breach of fiduciary duty] claims on the Plan's behalf."). Similarly, a sister district court noted "[w]hile Plaintiff . . . never agreed to arbitrate and was not put on notice of an agreement to arbitrate while she was a participant in the Plan, the Plan agreed to arbitration." *Holmes,* 2022 WL 180638, at *4

Plan terms confirm that no express consent is required. For example, Section 13.1 of the Plan (just like all other employer-sponsored ERISA plans) provides that "[t]he Plan may be amended at any time and from time to time by action of the Board of Directors." Brinkley Decl. Ex. 1 at § 13.1. Indeed, if the arbitration provision were invalid because Plaintiffs did not give consent, then any other Plan provision or amendment could be invalidated by every single participant who did not like the Plan or an amendment. This outcome would eliminate the ability of ERISA plans to function.

Plaintiffs' cited caselaw does not alter this conclusion. First, none of the Supreme Court cases requiring consent or notice (*Lamps Plus*, *Viking River*, and *Stolt-Nielsen*) involved an arbitration provision in a plan document, meaning that the Court was not called on to apply ERISA or its interpretive federal common law. Those cases have no applicability to an ERISA-governed plan, where lack of consent does not constitute grounds for revoking an ERISA plan document. *See, e.g.,*

13

*Mathews v. Sears Pension Plan*, 144 F.3d 461, 465 (7th Cir. 1998) (an ERISA plan is unlike an adhesion contract and "goes beyond even 'take it or leave it'"). Several other cases cited by Plaintiffs are similarly off base and did not involve an arbitration provision in a ERISA-governed plan document. *See* Opp. at 20-22.[6]

Plaintiffs also claim that they are not bound by an amendment enacted after they left employment with A360. Opp. at 23. However, under the plain terms of the Plan, "Claimant" is defined to include any "current ***or former Participant***" and broadly defines the term "Covered Claim." Brinkley Decl. Exs. 4, 5 at § 19.1(a) (emphasis added). Thus, Plaintiffs are "Claimants" as defined by the Plan and are subject to the Plan's arbitration provision and none of the cases that Plaintiffs cite even come close to supporting their view that the plain terms of § 19.1 of the Plan

---

[6] Plaintiffs also cite other cases where courts applied state law to the question of whether an ERISA-governed plan amendment was valid. *See* Opp. at 21-22. The application of state law was wrong and should not be followed here because ERISA contains a broad preemption clause, and "[t]he general rule is that state common-law rules related to employee benefit plans are preempted." *Robertson,* 2022 WL 2967710, at *4 (citation omitted); 29 U.S.C. § 1144(a) ("[T]he provisions of this subchapter and subchapter III shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."). Even if Georgia state law controlled, the result is no different and the Court should compel individual arbitration because Plaintiffs participated in, and are seeking benefits under, the Plan. *See generally Pinnock v. Kings Carlyle Club Apartments, LLC*, 348 Ga. App. 72, 78, n.25 (2018) ("Because the appellant's claims arose from and were dependent upon the existence of a contract containing an arbitration clause, she was estopped from avoiding arbitration. 'To find otherwise would permit [the appellant] to sue for breach of the [contract] without subjecting herself to all of the [contract's] provisions.'" (citation omitted; alterations in original)).

14

can simply be ignored. *See* Opp. at 23-24.[7] Moreover, following Plaintiffs' logic, Plan participants would always have an end run around arbitration agreements that are the product of amendment. *See Best v. James*, 2023 WL 145007, at *4-5 (W.D. Ky. Jan. 10, 2023) (compelling plaintiffs' ERISA § 502(a)(2) claims to arbitration where plan amendment contained the agreement to arbitrate in order to avoid the "illogical result" that § 502(a)(2) claims would never be subject to arbitration unless the original plan document included an arbitration clause).

### C.  The Court Should Award Defendants Their Fees And Expenses.

Finally, Plaintiffs argue that the Plan's provision that provides for an award of attorneys' fees and expenses if a Claimant unsuccessfully seeks to invalidate the arbitration procedure is void because it "violates ERISA § 502(g)." Opp. at 25. The reimbursement of fees and expenses provision is purely a contractual provision that does not involve ERISA § 502(g)'s fee shifting provision, which admittedly is only triggered when a party achieves some degree of success on the merits of their ERISA

---

[7] *See, e.g., Brown on behalf of Henny Penny Corp. Emp. Stock Ownership Plan v. Wilmington Tr., N.A.*, 2018 WL 3546186, at *7 (S.D. Ohio July 24, 2018) (declining to enforce arbitration provision where plaintiff was not a "participant" or "claimant" as defined by the arbitration clause); *Kemmerer v. ICI Americas Inc.,* 70 F.3d 281, 287 (3d Cir. 1995) (plan amendment was invalid because it sought to cut back accrued benefits in violation of ERISA's anti-cutback rule); *Hawkins v. Cintas Corps.*, 2021 WL 274341, at *7 (S.D. Ohio Jan. 27, 2021), *aff'd sub nom. Hawkins v. Cintas Corp.*, 32 F.4th 625 (6th Cir. 2022), *cert. denied,* 143 S. Ct. 564, 214 L. Ed. 2d 335 (2023) (declining to compel arbitration where there was no arbitration provision in the governing plan document at the time of the lawsuit). Other cases cited by Plaintiffs are distinguishable on similar grounds.

claim. It should therefore be enforced.

Respectfully submitted this 3rd day of November, 2023.

| **ARGENT TRUST COMPANY** | **GERALD SHAPIRO, SCOTT BRINKLEY, A360 HOLDINGS LLC** |
|---|---|
| By: */s/ Todd D. Wozniak* | By: */s/ Benjamin I. Fink* |
| Todd D. Wozniak<br>HOLLAND & KNIGHT LLP<br>Regions Plaza<br>1180 West Peachtree Street NW, Suite 1800<br>Atlanta, GA 30309<br>Telephone: 404-817-8500<br>todd.wozniak@hklaw.com<br>Georgia Bar No. 777275<br><br>Chelsea Ashbrook McCarthy<br>HOLLAND & KNIGHT LLP<br>150 N. Riverside Plaza Suite 2700<br>Chicago, Illinois 60606<br>Telephone: 312-715-5768<br>chelsea.mccarthy@hklaw.com<br>*Admitted pro hac vice* | Benjamin I. Fink (GA Bar No. 261090)<br>Lea C. Dearing (GA Bar No. 922882)<br>BERMAN FINK VAN HORN P.C.<br>3475 Piedmont Road NE, Suite 1640<br>Atlanta, GA 30305<br>Telephone: 404-261-7711<br>bfink@bfvlaw.com<br>ldearing@bfvlaw.com<br><br>Eileen Ridley*<br>FOLEY & LARDNER LLP<br>555 California St., 17th Floor<br>San Francisco, California 94104<br>Telephone: 415-438-6469<br>eridley@foley.com<br><br>Bryan B. House*<br>FOLEY & LARDNER LLP<br>777 East Wisconsin Ave.<br>Milwaukee, Wisconsin 53202<br>Telephone: 414-297-5554<br>bhouse@foley.com<br> *Admitted pro hac vice* |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EBONI WILLIAMS, DEBBIE SHOEMAKER, PAULA MAYS, TINA KOVELESKY, and SHADRIN HERRING, as representatives of a class of similarly situated persons, and on behalf of the A360, Inc. Profit Sharing Plan, formerly known as the A360, Inc. Employee Stock Ownership Plan, <br><br> Plaintiffs, <br><br> v. <br><br> GERALD SHAPIRO, SCOTT BRINKLEY, ARGENT TRUST COMPANY, A360 HOLDINGS LLC, and John and Jane Does 1-10, <br><br> Defendants. | Case No. 1:23-cv-03236-VMC |

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel certifies that the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO STAY PURSUANT TO SECTIONS 3 AND 4 OF THE FEDERAL ARBITRATION ACT** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

/s/ *Todd D. Wozniak*
Todd D. Wozniak

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| EBONI WILLIAMS, DEBBIE SHOEMAKER, PAULA MAYS, TINA KOVELESKY, and SHADRIN HERRING, as representatives of a class of similarly situated persons, and on behalf of the A360, Inc. Profit Sharing Plan, formerly known as the A360, Inc. Employee Stock Ownership Plan,<br><br>Plaintiffs,<br><br>v.<br><br>GERALD SHAPIRO, SCOTT BRINKLEY, ARGENT TRUST COMPANY, A360 HOLDINGS LLC, and John and Jane Does 1-10,<br><br>Defendants. | Case No. 1:23-cv-03236-VMC |

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that the foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO COMPEL INDIVIDUAL ARBITRATION AND TO STAY PURSUANT TO SECTIONS 3 AND 4 OF THE FEDERAL ARBITRATION ACT** was filed with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to Counsel of Record.

*/s/ Todd D. Wozniak*
Todd D. Wozniak